

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Dear Sirs:

Attention: Mr. W. S. Bussey
Chief, Division of
Weights and Measures,
State Department of
Agriculture

Opinion No. 0-4512
Re: Holding that Section 19 of
Article 118a, Vernon's Anno-
tated Civil Statutes, provid-
ing that citrus fruits under
the conditions described in
the act shall be weighed by
a duly elected or appointed
public weigher, etc., is val-
id and constitutional. An-
swering five other related
questions.

Your letter of March 31, 1942, addressed to the
Attorney General, calls the attention of this Department to Sec-
tion 19 of Article 118a, Vernon's Annotated Texas Statutes,
and to the penalty provision of this statute, which is found
in the penal code of Vernon's Texas Statutes, Article 719b,
such statutes are quoted as follows:

"Sec. 19. Under the terms of this Act all
citrus fruit purchased by weight prior to packing,
by any buyer or shipper, shall be weighed, at the
instance and expense of buyer, by a duly elected or
appointed public weigher, who shall be governed in
his rights and duties by the Statutes of the State
of Texas covering public weighers as set out in the
1925 Revised Civil Statutes of the State of Texas,
Title 93, Chapter 6, Article 5680, and any amend-
ments thereto; and it shall be the duty of the buyer
or shipper to deliver such certificates of weight
issued by the public weigher to the seller, prior
to any accounting or settlement between the buyer
or shipper and the seller, on all citrus fruit pur-
chased by weight prior to packing. Said public

weigher shall receive for his services hereunder a
fee of ten (10) cents, said fee to be in full pay-
ment for each completed certificate showing net
weight."

"Art. 719b. Any person, firm corporation, as-
sociation or other organization which violates any
provisions of this Act or wilfully interferes with
the Commissioner, his agent, inspectors or employees,
in the performance or on account of the execution
of his or their duties as provided by this Act shall
be deemed guilty of a misdemeanor. Any person con-
victed under this Act shall be punished by a fine of
not more than Five Hundred Dollars ($500.00) or by
imprisonment in the county jail for not more than
ninety (90) days, or both such fine and imprisonment
in the discretion of the Court."

Relative to these provisions of the statute, you
have submitted to this department the following questions:

"(1) Is Section 19, Art. 118a, quoted herein-
before a valid statute in its entirety?

"(2) Is it mandatory that the buyer or weigher
must have all citrus fruit purchased by him weighed
by a public weigher, even though it is agreeable with
the seller that the fruit be weighed over the scale
owned by the buyer or shipper, and for settlement to
be made on the basis of weights thus recorded?

"(3) If the answer to question (2) is negative,
is it mandatory that the buyer or shipper have the
citrus fruit weighed by a public weigher in the ab-
sence of such agreement on the part of the seller?

"(4) Is it mandatory that the buyer or shipper
must pay the fee to the public weigher in all instan-
ces, or would it be permissible for the seller to
pay said fee if such procedure is agreeable to the
seller?

"(5) Is it a violation under this Act for a
public weigher to charge more than ten (10) cents for
weighing a load of citrus fruit, regardless of the
size of such load?

"'6) If question (5) is answered in the affirmative, what charge should be filed against a weigher who charges more than ten (10) cents for weighing a load of citrus fruit?"

Since this particular provision of the law has apparently not been passed upon by the courts, at least to the extent of reaching the appellate courts in order that we might have a reported opinion, it is necessary to resort to the statutes relating to weights and measures in general and to the legal principles there involved in order to answer your question.

We have read with interest and much sympathy the contents of your letter in which you relate the difficulties encountered in a practical application of this law. It is easy to understand how these troublesome problems could arise under this law and to reach the conclusion, as you evidently have, that some of the provisions of the law are most difficult to follow in any literal sense. However, we believe that the well established precedents will not uphold an opinion declaring this law invalid.

For the protection of the public in business dealings, statutes have frequently been enacted which provide that commodities therein enumerated, such as coal, coke, hardwood, lumber, and shingles shall be weighed, measured, or surveyed by officers provided for that purpose, and, for a violation thereof, impose penalties on the seller or buyer or both; 68 Corpus Juris 153, Atkinson v. Williams, 65 N. C. 952. The enactment of these statutes, it has been held, is a valid exercise of the police powers, Pittsburgh & S. Coal Co. v. State of Louisiana, 15 S. Ct. 459, 156 U. S. 590, 39 L. Ed. 544; State v. Peel Splint Coal Co., 36 S. E. 1066, 36 W. Va. 802, 17 L. R. A. 385; and is not in violation of a constitutional provision against impairing the obligation of contract, Pittsburgh & S. Coal Co. v. State of Louisiana, supra; or of any other provision of Federal or State organic law, State v. Peet Splint Coal Co., supra; 68 C. J. 154.

Statutes requiring the seller of coal to deliver a ticket or certificate, showing the weight, to the purchaser and making a noncompliance with this requirement an offense and imposing a penalty therefor, the object being the protection of the purchaser, and such statutes being made to apply not only where the sale is made to the ultimate consumer but also where made to a retail dealer, have also been held to be valid. 68 C. J. 154.

Amount of fees to be charged for weighing commodities is usually fixed by statutes, or by ordinances enacted by municipalities acting in the exercise of delegated authority. 68 C. J. 158. The fixing of such fees is clearly within the legislative power, and where the fees so fixed are not clearly unreasonable or confiscatory they will be upheld. While your letter presents some evidence that the fees provided by this statute may in many instances be inadequate we do not think that we can find as a matter of law that they are so unreasonable or confiscatory as to justify a declaration invlidating the provision of the statute relating to such fees.

While there is some authority to the contrary, it has been held by the Federal Supreme Court and by the courts of last resort of some states that the legislature may validly enact statutes providing that only public weighers shall weigh designated commodities and receive compensation therefor, and issue certificates of weight, this legislation is within the police power of the State, and is not an unreasonable or arbitrary exercise of discretion, and is not in violation of the due process and equal protection clauses of the Federal Constitution, but inasmuch as "the business of private weighing is a legitimate vocation and falls within those ordinary occupations which a citizen is privileged to follow as an inalienable right subject only to valid exercise of the police power", the authority for its prohibition or abridgement cannot be implied, or inferred from the repeal of a statutory proviso permitting it, but must rest in some positive and valid legal inhibition. It follows then that whether the right of a public weigher is exclusive is to be determined by the language and intent of the legislature, 68 C. J. 159.

In passing upon other Texas statutes placing in duly qualified public weighers the exclusive duty and privilege of weighing certain commodities the authorities have sometimes been in conflict. One of such statutes is Article 5705, as to which some of our courts, including the Supreme Court, have held the law does not apply to any other person or persons than the factors and commission merchants named therein. But none of these decisions held the law invalid and the opinions are uniform to the effect that where the legislative intent is clearly expressed it will be upheld. Johnson v. Martin, 75 T. 33, 12 S. W. 321; Whitfield v. Terrell Compress Co., 26 C. A. 235, 62 S. W. 116; McCraw v. Sewell, Civ. App., 20 S. W. 235; Martin v. Foy, Civ. App., 234 S. W. 698. It is our

opinion that the language contained in this section of the statute is sufficient to show the legislative intent that the commodities enumerated should be weighed for the purposes and under the conditions described in the statutes only "by a duly elected or appointed public weigher."

We find no opinion of the courts requiring us to hold that the buyer or shipper would have no right to contract as to whether or not he should pay the fee required by the statute for the weighing of the citrus fruit purchased, and we believe that this ought to be and should be a matter as to which the buyer and seller could agree between themselves. This requires a holding that this particular provision of the statute is directory, rather than mandatory, and that so far as the fee is concerned the buyer and seller may agree as to who is to pay the same.

In accordance with the principles discussed and the authorities cited in support of same, your questions are answered as follows:

1. Section 19, Article 118a, V. A. C. S., is susceptible of a construction which will uphold its validity. Under the rules of statutory construction it must therefore be held to be valid.

2. It is mandatory under this statute and under conditions contained in the statute that the buyer or shipper who purchases citrus fruit by weight prior to packing, have the same weighed by public weigher, even though it is agreeable with the seller that the fruit be weighed on the scale owned by the buyer or shipper.

3. Affirmative answer to No. 2 above makes unnecessary an answer to your question No. 3.

4. It is not mandatory that the buyer or shipper pay the fees required by the statute. This provision being directory only, and it would be permissible for the seller to pay said fee upon an agreement with the buyer.

5. It is a violation of law under this act for a public weigher to charge more than ten cents for weighing citrus fruit under the conditions described in Section 19 of Article 118a, V.A.C.S.

6. The charge to be filed against a weigher who charges more than ten cents, the statutory fee for weighing a load of citrus fruit, should be a complaint and information alleging violation of Article 719b, V. A. P. C.

We trust that you will find this opinion satisfactorily answers the questions contained in your letter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s) Robert F. Cherry
       Assistant

RFC/po

APPROVED MAY 27, 1942
(s) Gerald C. Mann
Attorney General of Texas

APPROVED
Opinion Committee
By B.W.B. Chairman